**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY NELSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SPARK THERAPEUTICS, INC. and** | : | |
| **ROCHE DIAGNOSTICS CORPORATION** | : | **NO. 23-843** |

## ORDER

**NOW**, this 10th day of January, 2024, upon consideration of the Defendant Spark

Therapeutics, Inc.'s Motion for Summary Judgment (Doc. No. 27), the plaintiff's response,

and the defendant's reply, it is **ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** as follows:

1.      *Daubert* motions, if any, shall be filed no later than **February 2, 2024**.

Responses shall be filed no later than **February 16, 2024**.  *Daubert* challenges will be

waived unless a timely motion under this paragraph is filed.

8.      No later than **February 16, 2024**, counsel for each party shall serve upon

counsel for every other party a copy of each exhibit the party expects to offer at trial.

9.      No later than **February 23, 2024,** each party shall file with the Clerk of Court

a pretrial memorandum.  The pretrial memoranda shall include the following:

(a)      the identity of each expert witness to be called at trial by the party

with a summary of the expert's opinions;

(b)      the identity of each fact witness to be called at trial with a concise

statement of the nature and substance of the expected testimony (witnesses not listed

may not be called by that party in its case-in-chief);

(c)      designations, specifically citing those portions by page and line

number, of written or video deposition testimony to be offered at trial;

        (d)    an itemized statement of damages or other relief sought;

        (e)    a statement of any anticipated important legal issues which will require a ruling, together with counsel's single best authority on each such issue.

10.    All motions *in limine* shall be filed no later than **March 1, 2024**. Responses, if any, shall be filed no later than **March 11, 2024**.

11.    No later than **March 1, 2024**, the parties shall file any objections to designations of deposition testimony, setting forth the page and line numbers of the challenged testimony and a clear statement for the basis of the objection.  The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted.  Any objection not made in conformity with this Order will be deemed waived.

12.    Any party objecting to the admissibility of any item of evidence expected to be offered, any exhibit based on authenticity, or any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection, clearly and concisely, in the pretrial memorandum. The objection shall describe with particularity the ground and the authority for the objection.  Any objection offered at trial in respect to any matter covered by this paragraph will be overruled if the objection should have been made as required by this Order.

13.    No later than **March 1, 2024**, the parties shall file with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  Each party shall also file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties in

their joint submission.

14.   A final pretrial conference will be held on **Tuesday, March 19, 2024, at 10:00 a.m., in Chambers (Room 9614)**.  Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

15.   At the final pretrial conference, the parties shall provide two copies of a schedule of exhibits which shall describe each exhibit.

16.   Counsel shall meet and confer to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve.

17.   At the final pretrial conference, counsel shall be prepared to address outstanding motions *in limine*, to state objections to witnesses and exhibits, and to respond to opposing counsel's objections.  Exhibits shall be provided on a memory device with a USB interface, such as a flash drive, thumb drive or memory stick.  Copies of exhibits to which there are objections only shall be arranged and tabbed in three-ring binders.

18.   Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all parties and approved by the Court.

19.   The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial.  If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

20.   This case will be listed for trial on **Thursday, March 21, 2024, at 9:00 a.m.,**

**in Courtroom 9A**.  Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

21.    Counsel shall follow Judge Savage's Policies and Procedures which can be found at www.paed.uscourts.gov.

TIMOTHY J. SAVAGE, J.